UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-14028-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANTONIO FERGUSON,

    Defendant.
_____/



FILED by ___ D.C.
NOV 19 2014
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON PETITION ALLEGING VIOLATION OF SUPERVISED RELEASE

**THIS CAUSE** having come on to be heard for a final evidentiary hearing on November 19, 2014 in respect to the pending Petition Alleging Violation Of Supervised Release, and this Court having received evidence by way of sworn testimony and arguments of counsel, makes the following recommendation to the District Court:

    1.    The Petition Alleging Violation of Supervised Release dated October 22, 2014 alleges one violation which is as follows:

| **Violation Number 1** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about October 18, 2014, in Saint Lucie County, Florida, the defendant committed the offense of throwing a deadly missile into a dwelling, building, or vessel (one count), contrary to Florida Statute 790.19; criminal mischief damage to property over $1,000.00 (one count), contrary to Florida Statute 806.13(1)(b)3. |
|---|---|

    2.    At the outset of the evidentiary hearing, both parties stipulated that the state charge of throwing a deadly missile has been dropped/abandoned by the State of Florida. The only prosecution pending in the State of Florida is the criminal mischief charge as set forth in the violation.

3. The government called as its first witness Deputy Sheriff Miller of the St. Lucie County Sheriff's Office. Deputy Miller testified that he was on duty on October 18, 2014 and responded to 5801 Shannon Drive in Fort Pierce, Florida, in respect to an alleged vandalism to vehicle complaint. At that location, Deputy Miller interviewed Ms. Jones, who was the alleged victim of the vandalism. Ms. Jones told Deputy Miller that the Defendant, who was present at that scene as well, threw a milk crate at her vehicle. The milk crate allegedly damaged her windshield and a windshield wiper. Deputy Miller observed damage to Ms. Jones' vehicle.

4. Counsel for the Defendant objected to the hearsay testimony. This Court inquired of the government as to why Ms. Jones was not present at this hearing. Counsel for the government stated that Ms. Jones has been contacted and has refused to cooperate or be present for testimony at this hearing. Counsel for the Defendant likewise stated later during this hearing that they attempted to contact Ms. Jones. She was equally uncooperative with the defense.

5. Based upon the explanation by the government, this Court overruled the hearsay objection and permitted the testimony to be received by the Court and stated that it would give whatever weight is appropriate after this Court receives all of the evidence.

6. Deputy Miller testified that the Defendant's girlfriend was also at the scene when Deputy Miller arrived. She was unwilling to talk with Deputy Miller about the alleged incident.

7. Deputy Miller arrested the Defendant, handcuffed him, and read him his Miranda rights. The Defendant did not make any statements. Since this was a shift

change time, Deputy Miller turned the case and the Defendant over to Deputy Reynolds of the St. Lucie County Sheriff's Office.

8. Deputy Miller had no firsthand knowledge of the claims made by Ms. Jones as the alleged victim. All of the information he has about this case comes from Ms. Jones, who has refused to cooperate or be available for examination before this Court.

9. The next witness called by the government was Deputy Sheriff Reynolds of the St. Lucie County Sheriff's Office. He testified that he responded to the scene in question and took over the matter from Deputy Miller. Ms. Jones, the alleged victim, told Deputy Reynolds the same story that she had previously told Deputy Miller. Deputy Reynolds saw a milk crate at the scene. He photographed the milk crate and the alleged damage to the vehicle.

10. The Defendant made no admissions. The Defendant simply told Deputy Reynolds that he was doing well on supervised release, working and doing a good job. Deputy Reynolds took the Defendant to the jail and booked him there. He has had no further contact with the Defendant. The Defendant made no admissions in his presence.

11. Deputy Reynolds has not received any further information or notices from the State Attorney's Office concerning the arrest of the Defendant in this case.

12. The Defendant presented no witnesses at the evidentiary hearing. Counsel for the Defendant made the argument that the government had failed to present, by a preponderance of the evidence, that the Defendant had violated any conditions of supervised release. In response, counsel for the government argued that they were simply presenting whatever evidence was in fact available to them for consideration by the Court.

## **ANALYSIS**

13.     This Court finds that the lack of cooperation by the alleged victim, Ms. Jones, speaks volumes as to whether or not the Defendant did in fact commit these acts as alleged by her. There is no evidence before the Court that Ms. Jones has at any time signed an affidavit or made these allegations under oath. She has apparently refused to cooperate with the United States Attorney's Office, U. S. Probation Office, and the Office of the Federal Public Defender, who presently represents the Defendant in this matter.

14.     The only evidence before this Court is hearsay. The hearsay statements are purportedly from an individual who now refuses to cooperate, present herself for testimony under oath and cross-examination. This causes this Court to find the evidence against the Defendant in this regard to be insufficient as a matter of law to sustain a finding that the Defendant violated his supervised release.

15.     This Court would also point out that both the government and the Defendant stipulated that the state has already dropped the throwing a deadly missile charge in the state prosecution. Therefore, all that remains in the state case is the criminal mischief charge alleging damage in excess of $1,000. This likewise speaks to the sufficiency of the evidence against the Defendant since it is apparent that the State Attorney's Office has made this decision without even contacting the arresting officers, Deputy Miller and Deputy Reynolds.

16.     Based upon the entire record presented to this Court, this Court recommends to the District Court that the Defendant be found to have not violated his supervised release in respect to the sole violation set forth in the Petition. In the event that the District Court disagrees with this recommendation, then the District Court should set a specific time

for further final hearings in respect to the allegations set forth in the Petition. This Court advised the Defendant that he remains on bond in this matter under the same conditions previously set by this Court until such time as the District Court enters a final order in respect to this Petition Alleging Violation of Supervised Release. This Court also explained to the Defendant on the record that this is merely a Recommendation by this Court to the District Court and that the District Court can disregard this Recommendation and proceed to a final hearing.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant be found to have not violated his supervised release in respect to this Petition and the Defendant discharged in respect to the present proceedings pending further order of the Court.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this ___17th___ day of November, 2014, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. K. Michael Moore
AUSA Theodore M. Cooperstein
AFPD Fletcher Peacock
U. S. Probation