UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-14028-CR-MOORE/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANTONIO FERGUSON,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON VIOLATION NUMBER 1 OF THE PETITION FOR OFFENDER UNDER SUPERVISION (DE 749)

**THIS CAUSE** came before me on December 1, 2021. Having conducted a hearing, I recommend as follows:

1. A Petition for Offender Under Supervision was filed in this case on October 12, 2021. DE 749. On December 1, 2021, Defendant appeared before me and admitted Violation Number 1 as set forth in the Petition. The Government agreed to recommend dismissal of Violation Number 2 at sentencing.

2. Violation Number 1 alleges that Defendant violated a Mandatory Condition of his Supervised Release by failing to refrain from violation of the law as follows: "On or about September 29, 2021, in Saint Lucie County, Florida, the defendant committed the offense of possession of a weapon or ammunition by a convicted Florida felon, contrary to Florida Statute 790.23(1)(A)." DE 749 at 3.

3. The maximum penalties Defendant faces for Violation Number 1 were read into the record by the Government. Defendant stated that he understood those penalties.

4.	I questioned Defendant on the record and made certain that he understood his right to an evidentiary hearing. Defendant acknowledged that he understood his rights in that regard and further understands that if his admission to Violation Number 1 is accepted, all that will remain will be for the District Court to conduct a sentencing hearing for final disposition of this matter.

5.	The Government proffered a factual basis for Defendant's admission to Violation Number 1. According to the proffer, Defendant has previously been convicted of felony offenses. On September 29, 2021, while Defendant was on supervised release, law enforcement executed a search warrant at Defendant's residence. A loaded firearm was found in the bedroom belonging to Defendant. The firearm was located in a dresser drawer. Also located in the dresser were a shirt that had the insignia for Defendant's place of employment on it. Additionally, Defendant's wallet with his ID and a pill bottle belonging to him were found on top of the dresser. Defendant agreed that the Government's proffered facts were true and the Government could prove those facts if a hearing were held in this matter. Having heard the factual proffer, I find that it establishes a sufficient factual basis to support Defendant's admission to Violation Number 1.

6.	The parties jointly agree to recommend that the District Court impose a sentence at the low end of Defendant's sentencing guidelines range. Defendant acknowledged his understanding that, although the parties may agree to make this recommendation, it is not binding on the Probation Office or the District Court, and Defendant may not withdraw his admission of guilt based upon the District Court's decision not to accept this or any other sentencing recommendation.

**ACCORDINGLY**, based upon Defendant's admission under oath, I recommend to the District Court that Defendant be found to have violated the terms and conditions of his supervised

release as set forth in Violation Number 1, and that a sentencing hearing be set for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case. Pursuant to Federal Rule of Criminal Procedure 59(b)(2), failure to timely file objections waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 3rd day of December, 2021.

_____
SHANIEK MILLS MAYNARD
UNITED STATES MAGISTRATE JUDGE